UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-184(DSD/JJK)

United States of America,

       Plaintiff,

v.                                                              **ORDER**

Alpha Rashidi Mshihiri,

       Defendant.


This matter is before the court upon the second motion for release on electronic monitoring from custody pending sentencing by defendant Alpha Rashidi Mshihiri. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

On February 20, 2014, Mshihiri was convicted of (1) conspiracy to commit bank fraud, (2) three counts of bank fraud, (3) one count of mail fraud and (4) two counts of wire fraud. ECF No. 100.

Under 18 U.S.C. § 3143(a), the court may detain or release a defendant pending sentencing. That provision provides that the court

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). The court declined to make such a finding in this case.

"The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community [pending sentencing] rests with the defendant." Fed. R. Crim. P. 46(c). In support of the instant motion, Mshihiri cites his history of cooperation and the surrender of his passport. See ECF No. 106, at 2. Mshihiri also provides several letters in which his wife, cousin and friends relate their perceptions of his character and the risk of flight he poses. See id. Exs. 1-7. Mshihiri further lists several friends and family members who, he asserts, would assist in the posting of bail or a bond to ensure his appearance at sentencing. See ECF No. 106, at 3. The court has carefully reviewed these arguments and materials.

Here, Mshihiri has not met his burden. If ordering the release of a defendant pending sentencing, the court shall impose "the least restrictive ... condition, or combination of conditions, that ... will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(c)(1)(B); see, e.g., United States v. Welsand, 993 F.2d 1366, 1367 (8th Cir. 1993) (per curiam). In support of the instant motion, Mshihiri suggests that electronic monitoring, placement on the no-fly list, periodic telephone calls, unannounced visits and the posting of bail or a bond would assure his appearance at sentencing. The court has previously noted, however, that Mshihiri has been convicted of serious offenses, which carry the potential of a substantial prison term. See ECF

2

No. 104, at 2. The court also noted that Mshihiri likely faces removal from the United States and has extensive business and personal contacts abroad. See id. Further, the court observed that testimony at trial had revealed the potential availability to Mshihiri of fraudulent documents that could facilitate flight. See id. Indeed, such fraudulent documents could circumvent one or more of Mshihiri's proposed conditions. Moreover, several of Mshihiri's proposed conditions — such as periodic phone calls and unannounced visits — would be ineffectual if Mshihiri did, in fact, flee.

The court further notes that Mshihiri does not meet his burden to demonstrate that he would not pose a danger to any other person or to the community if released. The nature of Mshihiri's crimes, in addition to the testimony and evidence presented at trial, reflect serious and substantial harm. The court is not persuaded that Mshihiri's release would not pose a danger to any other person or to the community.

For these reasons, the court is not satisfied that the proposed measures "will reasonably assure the appearance of" Mshihiri. As a result, a hearing on the motion to release on electronic monitoring pending sentencing is not warranted. Accordingly, **IT IS HEREBY ORDERED** that the motion for release on

electronic monitoring from custody pending sentencing [ECF No. 105] is denied.

Dated:  March 20, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
